## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LOVEY L. MOHNSSEN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-2274-KHV** |
| **GARMIN INTERNATIONAL, INC. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Lovey L. Mohnssen, C. Richard Rudibaugh, S.M. and Eric Mathias bring suit against Garmin International, Inc. ("Garmin") and Autopilots Central, Inc. ("ACI"), alleging the wrongful death of Rick E. Mohnssen in an airplane crash. This matter is before the Court on Defendant Autopilots Central, Inc.'s Motion To Dismiss (Doc. #2) filed July 22, 2005 and Defendant Garmin International, Inc.'s Motion For Change Of Venue (Doc. #18) filed September 7, 2005. For reasons stated below, the Court sustains the motion for change of venue and overrules as moot the motion to dismiss.

### Legal Standards

Under 14 U.S.C. § 1404(a), the Court may transfer a case to any district or division where it might have been brought for "the convenience of the parties and witnesses" and "in the interest of justice." The decision whether to grant a motion to transfer is within the sound discretion of the district court. See Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). The moving party has the burden of demonstrating that a suit should be transferred. See Cook v. Atchison, Topeka & Santa Fe Ry. Co., 816 F. Supp. 667, 668 (D. Kan. 1993). The Court should also consider the following factors: plaintiff's choice of forum; the

accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)). The Court must give great weight to plaintiff's choice of forum. KCJ Corp. v. Kinetic Concepts, Inc., 18 F. Supp.2d 1212, 1214 (D. Kan. 1998). Unless the balance strongly favors the movant, plaintiff's forum choice should rarely be disturbed. Scheidt, 956 F.2d at 965.

### Factual Background

On July 3, 2003, an airplane crashed near Sitka, Alaska, killing Rick E. Mohnssen. On June 28, 2005, individuals representing the estates of others who died in the same plane crash filed four separate actions in Colorado state court.[1] These four actions have since been removed to federal court in Colorado. On September 2, 2005, Senior District Court Judge Richard P. Matsch consolidated the four Colorado cases under a single case number, Civil Action No. 05-CV-1564-RPM-CBS.

On June 29, 2005, plaintiffs filed suit against Garmin and ACI in the United States District Court for the District of Kansas. Plaintiffs reside in Colorado and Illinois. ACI has filed a motion to dismiss for lack of personal jurisdiction. The parties agreed to limited discovery on this issue. Garmin urges the Court

---

[1]      Garmin believes that prior to their deaths, all decedents in these cases resided in Colorado.

to transfer this case to the United States District Court for the District of Colorado.

<u>Analysis</u>

Garmin argues that plaintiffs are residents of Colorado and Illinois, that the primary witnesses reside in Colorado and that four other actions which arise from the same crash have been consolidated and are pending in the United States District Court for the District of Colorado.  Additionally, Garmin contends that a substantial part of the events or omissions giving rise to the claim occurred in Colorado, and that venue in Colorado is therefore proper under 28 U.S.C. § 1391(a)(2).  Plaintiffs do not oppose the motion if defendant ACI will withdraw its motion to dismiss.  Plaintiffs agree that consolidation with the previously filed cases is in the best interest of the parties.  ACI does not object to transfer, and has stated that it will not contest personal jurisdiction in Colorado for purposes of this case.[2]  The Court concludes that facts presented favor transfer.  Venue is proper in the District of Colorado.  The issues in this case are integrally related to the issues in the Colorado cases, and deciding the cases in the same forum would minimize the potential for inconsistent results.  The Colorado forum appears to be more convenient for the primary witnesses and plaintiffs, and transfer resolves the personal jurisdiction issue with respect to ACI.

**IT IS THEREFORE ORDERED** that <u>Defendant Garmin International, Inc.'s Motion For Change Of Venue</u> (Doc. #18) filed September 7, 2005, be and hereby is **SUSTAINED**.  The Clerk is directed to transfer this case to the United States District Court for the District of Colorado.

**IT IS FURTHER ORDERED** that <u>Defendant Autopilots Central, Inc.'s Motion To Dismiss</u> (Doc. #2) filed July 22, 2005 is **OVERRULED as moot**.

---

[2]     ACI continues to assert that this Court lacks personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and K.S.A. § 60-308(b).

-3-

Dated this 12th day of October, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge